IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  02-cv-01559-RPM

LEPRINO FOODS COMPANY,

     Plaintiff,

v.

FACTORY MUTUAL INSURANCE COMPANY,

     Defendant.

_____

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
_____

     The plaintiff's motion for summary judgment of coverage for its loss of contaminated cheese stored in the Gress Warehouse is based on its view that the exception to the contamination exclusion provision in the all-risks insurance policy for contamination "directly resulting from other physical damage not excluded by this Policy" is satisfied by the undisputed fact that one of the contaminants was limonene, a chemical found in frozen fruit concentrate product also stored in that warehouse. Leprino contends that it is not necessary for it to prove an identifiable event causing the contamination although it has evidence of broken containers and spillage of products containing that substance.  The defendant disputes that evidence.  Accordingly, summary judgment can be entered only on the legal conclusion that Leprino bears no burden of identifying the cause within the warehouse.

     Leprino argues that the cases cited by the Tenth Circuit Court of Appeals in reversing this Court's grant of summary judgment to Factory Mutual compels that

conclusion.  That is too broad a reading of those opinions.

In *Adams-Arapahoe Joint School District v. The Continental Insurance Co.,* 891 F.2d 772, 777 (10th Cir. 1989), the Tenth Circuit Court of Appeals interpreted an exclusion for corrosion in an all-risk insurance policy with an exception for loss resulting from a "peril not excluded in this policy" to limit the exclusion to naturally occurring corrosion.  Nonetheless, the court required the insured to prove that the loss was "fortuitous," recognizing that the requirement that the loss be fortuitous is implied in all such insurance policies and reversed the judgment for the insured because the trial court erroneously instructed the jury that the insurance company had the burden of proof that the loss was not fortuitous.  The question was whether the insured had knowledge of a substantial risk of roof collapse because of corrosion before it obtained the policy.  Similarly, in this case Leprino must prove that the loss was fortuitous because of some event or condition in the warehouse other than the mere storage of other food products with the cheese.

The other case cited is *Allianz Ins. Co. v. RJR Nabisco Holdings Corp.,* 96 F. Supp. 2d 253 (S.D.N.Y. 1999).  In that case, there was no dispute that the contamination of Nabisco's food products was caused by the construction company's failure to seal and clean up chemicals used in the construction of the new warehouse.

The plaintiff also misreads the circuit court's opinion in this case.  The court directed this Court to conduct a new trial to permit Leprino to prove the exception to the contamination exclusion that the contamination was caused by other physical damage.  Accordingly, it is

ORDERED that the plaintiff's motion for summary judgment is denied.

DATED: July 31st, 2007

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge